**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CHARLES SIMON,                              :
                                           :
        Plaintiff,                         :       Civil Action No.:      20-580 (RC)
                                           :
        v.                                 :       Re Document No.:       2, 3, 5, 6, 7
                                           :
UNITED STATES DEPARTMENT                    :
OF JUSTICE, *et al.*,                       :
                                           :
        Defendants.                        :

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS;
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION;
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT;
DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.  INTRODUCTION**

*Pro se* Plaintiff Charles Simon has filed a complaint against the United States

Department of Justice ("DOJ"); Federal Prison Industries, Inc. ("FPI"); Steve Schwalb, in his

official capacity as Chief Operating Officer of FPI; and T. Speights, Coordinator of FPI

(collectively "Defendants"). Mr. Simon attempts to re-litigate the amount of a monthly

compensation award he received in 1994 pursuant to the Inmate Accident Compensation Act

("IACA"), 18 U.S.C. § 4126 et seq., for a back injury he sustained while incarcerated in 1987.

*See* Compl. at 1–6, ECF No. 1; Mot. to Dismiss at 6, ECF No. 3. Mr. Simon also challenges the

termination of his compensatory award under IACA and its implementing regulations. Compl. at

1. Though his Complaint is not drafted with perfect clarity, he appears to bring his charges under

Title VII and the Administrative Procedure Act ("APA"). *Id.* The instant action follows a string

of materially identical lawsuits filed by Mr. Simon in various courts.

1

Defendants have moved to dismiss Mr. Simon's latest suit, and Mr. Simon has moved to disqualify the undersigned Judge, for default judgment, and for judgment on the pleadings. As an initial matter, the Court denies Plaintiff's motions. The Court dismisses Mr. Simon's benefits termination claim without prejudice because he has failed to demonstrate that he has exhausted his administrative remedies. Finally, the Court concludes that the doctrines of claim preclusion (*res judicata*) and collateral estoppel bar Mr. Simon's claims pertaining to the calculation of his compensatory payment under the IACA. In the alternative, the Court finds that the time period in which Mr. Simon could have litigated the compensation amount he received for his back injury has lapsed and that his claims are thus time-barred.

## II.  FACTUAL BACKGROUND

Plaintiff suffered a back injury while incarcerated in a federal facility in Wisconsin in 1987. *See* Mot. to Dismiss at 4. In 1994, as compensation for this inmate work injury, he was awarded $73.57 per month, an amount that would be adjusted in line with increases in the federal minimum wage. *See* Defs.' Mot. to Dismiss & Opp'n to Pl.'s Mot. for Prelim. Inj., *Simon v. U.S. Dep't of Justice*, No. 15-cv-1310 (RC), 2016 WL 427061, (D.D.C. Feb. 3, 2016), *aff'd* No. 16-5031, 2016 WL 3545484 (D.C. Cir. June 10, 2016), ECF No. 4-1 at 2. Following an administrative appeal to Defendant Steve Schwalb, at that time FPI's Chief Operating Officer, Mr. Simon acknowledged and accepted the award as a "full and final settlement." *Id.*

In 1997 Mr. Simon filed a petition for a writ of mandamus "arising from the November 1987 injury and subsequent compensation award," which was dismissed and a motion for a preliminary injunction, which was denied. *See Simon v. Fed. Prison Indus., Inc.*, No. 09-cv-0692, 2009 WL 2618349, at *1 (D.D.C. Aug. 24, 2009) (describing *Simon v. Fed. Prison Indus., Inc.*, No. 97-cv-0757 (D.D.C. Oct. 30, 1997) (Mem. Op.)). In 1998, the D.C. Circuit affirmed the

District Court's denial of Mr. Simon's petition for a writ of mandamus, holding that his "award of compensation was properly calculated under the Inmate Accident Compensation Act and its implementing regulations," that there was "no merit to [his] challenge to the validity of the inmate compensation system," and that he "ha[d] not shown that he [was] entitled to medical treatment after his release." *Simon v. Fed. Prison Indus., Inc.*, 159 F.3d 637 (D.C. Cir. 1998) (per curiam) (unpublished table decision).

In recent years, Mr. Simon has continued to file similar actions in this district against FPI, Schwalb, and various other defendants. Those actions have been dismissed as barred by the doctrines of claim preclusion and collateral estoppel. *See Simon*, 2016 WL 427061, at *1; *Simon v. Bickell*, 737 F. Supp. 2d 10, 14–15 (D.D.C. 2010); *Simon*, 2009 WL 2618349, at *1. Additionally, Mr. Simon has filed similar cases against FPI and other agencies or instrumentalities of the United States around the country. *See, e.g.*, *Simon v. U.S. Dep't of Justice*, No. 18-cv-11431, 2018 WL 6045254, at *2 (D. Mass. Nov. 19, 2018), *aff'd*, No. 18-2206, 2019 WL 6124881 (1st Cir. June 26, 2019), *cert. denied*, 140 S. Ct. 539 (2019), *reh'g denied,* 140 S. Ct. 950 (2020); *Simon v. Fed. Prison Indus., Inc.*, No. 03-cv-10792, 2003 WL 26128191, at *1 (D. Mass. Jul. 15, 2003); *see also Simon v. Robinson*, 196 F. App'x 54, 55 n.1 (3d Cir. 2006) (noting that Mr. Simon has "filed suit and lost in the United States District Courts for the District of Wisconsin, the District of Massachusetts, the Southern District of New York, the District of Columbia, and the District of New Jersey" and providing additional citations).

### III.  PLAINTIFF'S MOTIONS

### A.  Motion for Disqualification

Plaintiff moves to disqualify the undersigned Judge pursuant to 28 U.S.C. § 455(a)–(b). *See* Pl's Mot. for Disqualification, ECF No. 7. Plaintiff claims that this Court displayed "deep-

3

seated favoritism" by "disregarding" his Complaint and Motion for Default Judgment. *Id.*
Plaintiff also alleges that this Court "impermissibly" advised Plaintiff to file a response to
Defendants' Motion to Dismiss. *Id.*; *see* Order, ECF No. 4 (advising Plaintiff to file a response to
Defendants' Motion to Dismiss in accordance with the Federal Rule of Civil Procedure and
D.D.C. Civ. R. 7(b)).

Under Section 455(b)(1), a judge must recuse "[w]here he has a personal bias or
prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the
proceeding." 28 U.S.C. § 455(b)(1). A movant must "demonstrate actual bias or prejudice based
upon an extrajudicial source . . . by providing evidence of the judge's extrajudicial conduct . . .
that are plainly inconsistent with his responsibilities as an impartial decisionmaker." *Osei v.
Standard Chartered Bank*, No. 18-cv-1503, 2019 WL 917998, at *4 (D.D.C. Feb. 25,
2019), *aff'd*, No. 19-7018, 2019 WL 2563460 (D.C. Cir. June 4, 2019) (quoting *Cobell v.
Norton*, 237 F. Supp. 2d 71, 98 (D.D.C. 2003) and *Cobell v. Norton*, 310 F. Supp. 2d 102, 120–
21 (D.D.C. 2004)) (internal quotation marks omitted). "Unfavorable judicial rulings alone almost
never constitute a valid basis for reassignment." *United States v. Hite*, 769 F.3d 1154, 1172 (D.C.
Cir. 2014).

In advising Plaintiff to respond to Defendants' dispositive motion, the Court was merely
fulfilling its obligations under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). The Court did
not ignore Plaintiff's complaint or his motion, but had simply not issued any rulings yet. This
Court's dismissal of Plaintiff's Motion for Default Judgment is likewise not grounds for
disqualification. *See* discussion *infra* Part III.B. Accordingly, this Court finds that Plaintiff's
allegations fail to establish a basis for recusal under § 455(a) and the motion to disqualify is
denied.

### B.  Motion for Default Judgment

Plaintiff moves for default judgment on the basis that Defendants failed to respond to his Complaint. *See* Pl.'s Mot. for Default J. at 1. Federal Rule of Civil Procedure 55 "sets forth a two-step process for a party seeking default judgment: entry of default, followed by entry of default judgment." *Farris v. Rice*, No. CV 05-1975 (RMU), 2006 WL 8435181, at *1 (D.D.C. Jan. 17, 2006). If a defendant has failed to plead or otherwise defend against an action, the plaintiff may request that the clerk of the court enter default against that defendant. Fed. R. Civ. P. 55(a). After the clerk's entry of default, the plaintiff may move for default judgment. *Id.* 55(b)(2). However, under Rule 55(b)(2), the "determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Flynn v. JMP Restoration Corp.*, No. CIV. A. 10-0102 (ESH), 2010 WL 1687950, at *1 (D.D.C. Apr. 23, 2010) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). For default judgment to occur, a "defendant must be considered a 'totally unresponsive' party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Id.* (quoting *Gutierrez v. Berg Contracting Inc.*, No. 99-cv-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)).

Here, Plaintiff has filed a Motion for Default Judgment against Defendants without providing proof of service. *See Ibiza Bus. Ltd. v. United States*, No. 10-296 (RCL), 2010 WL 2788169, at *1 (D.D.C. July 8, 2010) ("The Court will only enter a default judgment against a defendant when there is proof that plaintiffs properly served the defendant."). Equally important, Defendants are no longer unresponsive as they have moved to dismiss the complaint and have opposed the Motion for Default Judgment. *See* Mot. to Dismiss at 8. The Court therefore cannot

find that Defendants willfully disregarded their legal responsibilities. Accordingly, the Court denies Plaintiff's Motion for Default Judgment.[1]

### C. Motion for Judgment on the Pleadings

Mr. Simon moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* Mot. J. Pleadings, ECF No. 6. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The "moving party [must] demonstrate[ ] that no material fact is in dispute and that it is entitled to judgment as a matter of law." *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008) (quoting *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992)). Here, Plaintiff's motion for judgment on the pleadings is procedurally premature because Defendants have yet to file an answer. *See Black v. LaHood*, 882 F. Supp. 2d 98, 107 (D.D.C. 2012) (stating that a party may seek judgment on the pleadings, which include a complaint and an answer, only after pleadings are closed). Accordingly, Mr. Simon's motion for judgment on the pleadings is denied.

### IV. DEFENDANTS' MOTION TO DISMISS

#### A. Legal Standard

"Under the doctrine of res judicata, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action.'" *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017) (quoting *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002)). The doctrine applies if a previous

---

[1] Plaintiff also moves to "negotiate settlement upon the Default Fed. R. Civ. Pro. 55 judgment in absentia" under an unspecified rule. *See* Mot. Settlement, ECF No. 5. The Court denies Plaintiff's motion for default judgment and, correspondingly, denies Plaintiff's contingent motion as moot.

action "(1) involv[ed] the same claims or cause of action [as the current action], (2) between the same parties or their privies, and (3) [resulted in] a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) (first citing *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971); then citing *Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948)). Whether two cases involve the same cause of action is determined by "whether they share the same 'nucleus of facts.'" *Ashbourne*, 245 F. Supp. 3d at 103 (quoting *Drake*, 291 F.3d at 66). And whether two cases share the same nucleus of facts depends on "the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977)).

"*Res judicata* may be raised in a 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice." *Middleton v. U.S. Dep't of Labor*, 318 F. Supp. 3d 81, 86 (D.D.C. 2018) (quoting *Sheppard v. District of Columbia*, 791 F. Supp. 2d 1, 5 n.3 (D.D.C. 2011)); *see also Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008). And as noted above, the Court may take judicial notice of opinions and orders from other proceedings. *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I through III v. District of Columbia*, 238 F. Supp. 2d 212, 216–17 (D.D.C. 2002).

## B.  Analysis

There are two general aspects to Mr. Simon's claims: the calculation of his benefits award and the termination of his benefits award. Mr. Simon first argues that his award of compensation was unlawfully terminated in 2018 and that such termination deprived him of his

property interest in violation of the First, Fifth, and Eighth Amendments. *See* Compl. at 1. Mr. Simon subsequently asserts claims under the Administrative Procedure Act, Title VII, and the Constitution regarding the amount of compensation he received for a back injury he sustained while incarcerated. *See id.* at 6–8. Defendants fail to distinguish between these claims, arguing that Plaintiff's action should be dismissed on the basis of claim preclusion, collateral estoppel, because it is time-barred, and for improper venue. The Court will address Mr. Simon's claims separately because they are all properly dismissed but on different grounds.

1.  Calculation of Benefits

Two of Mr. Simon's claims pertain to the calculation of his compensatory payments under the IACA and its implementing regulations. *See* 28 C.F.R. § 301, et seq. This Court finds that these claims are barred by the doctrines of claim preclusion and collateral estoppel. Mr. Simon's claims against FPI and Mr. Schwalb concerning the calculation of his monthly compensation award are substantially the same as those he has asserted in prior suits. *See Simon*, 2016 WL 427061, at *4 (finding that Mr. Simon's complaint against FPI and Mr. Schwalb involved the same claim or cause of action as his complaint against the same defendants in a previous suit lodged in this Court); *Simon*, 2009 WL 2618349, at *1 (summarizing previous cases in this district and dismissing Mr. Simon's complaint against FPI and Mr. Schwalb as "plainly barred by the doctrine of res judicata"); *accord Simon*, 2003 WL 26128191, at *1 (noting that the case constituted "at least the seventh attempt" to bring claims against FPI and the fifth attempt to bring claims against Mr. Schwalb). Moreover, Mr. Simon's complaint is nearly identical to one that he filed with the United States District Court for the District of Massachusetts in 2018. *See Simon*, 2018 WL 6045254, at *2 (determining that "[a]ny claim

concerning the calculation of Simon's monthly compensation award is barred by the doctrine of *res judicata*.").

As noted in this Court's 2016 opinion, a court in this district previously entered, and the D.C. Circuit affirmed, a merit-based ruling for Defendants on the same issue. *See Simon*, 2016 WL 427061, at *4; *Simon*, 159 F.3d at 637. Accordingly, the adverse judgment was a final and valid judgment on the merits. *See Simon*, 159 F.3d at 637. A United States District Court is a court of competent jurisdiction for the purposes of claim preclusion. *See id.*; *Thunder v. U.S. Parole Comm'n*, 133 F. Supp. 3d 5, 9 (D.D.C. 2015).

Mr. Simon's claims against DOJ and T. Speights are barred by collateral estoppel, even though Mr. Simon's claims are asserted against new defendants. As previously noted, Mr. Simon's claims regarding the validity of his inmate work injury award have been litigated prior to the present case. Those courts have held that his compensation award was calculated correctly. *See Simon*, 159 F.3d at 637; *Simon*, 2016 WL 427061, at *4. Even if the instant claims are asserted against new defendants, Mr. Simon has had a full and fair opportunity to challenge his inmate work injury compensation in earlier cases.

In the alternative, and to the extent that Mr. Simon attempts to assert a cause of action relating to the calculation of his benefits based on new theories under the Constitution, Title VII, or any of the various legal provisions listed in his complaint, his claims are time-barred. *See* 28 U.S.C. § 2401(a) (providing a six-year statute of limitations for civil actions against the United States).

### 2.  Termination of Benefits

Mr. Simon also asserts that the compensation payments he had received under the IACA were terminated in 2018 "without notice or cause" and that such termination deprived him of his

property interest in violation of the First, Fifth, and Eighth Amendments. *See* Compl. at 1. Mr.

Simon brought a near identical claim in United States District Court for the District of

Massachusetts in 2018. *See Simon*, 2018 WL 6045254, at *2. That court found that he had failed

to exhaust his administrative remedies and dismissed his claim without prejudice. *Id.* Defendants

now move to dismiss Mr. Simon's claim on the bases of claim preclusion, collateral estoppel,

because it is time-barred, and, alternatively, for improper venue. *See* Mot. to Dismiss at 5, 9.

None of Defendants' arguments for dismissal succeed when it comes to these claims.

Mr. Simon commenced this action in February 2020. For his claim relating to the

termination of his benefits in 2018, this is well within the six-year requirement set forth in 28

U.S.C. § 2401(a). *See* 28 U.S.C. § 2401(a) ("every civil action commenced against the United

States shall be barred unless the complaint is filed within six years after the right of action first

accrues"). Accordingly, Mr. Simon's complaint was timely with regard to the termination of his

benefits. Moreover, Mr. Simon's claim concerning the termination of his benefits is not barred

by collateral estoppel. Under the doctrine of collateral estoppel, "once a court has decided an

issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449

U.S. 90, 94 (1980). But the termination of Mr. Simon's compensation payments in 2018—and

any accompanying issues—have never been litigated prior to this case. *See Simon*, 2018 WL

6045254, at *3 ("Simon must attempt to address the reason for the termination of his

compensation payments with the DOJ before seeking a judicial remedy.")

Likewise, Mr. Simon's claim that his compensation award was wrongfully terminated in

2018 was not nor could have been raised prior to that date, and is thus not barred by claim

preclusion. *See Drake*, 291 F.3d at 66 ("[A] final judgment on the merits of an action precludes

the parties or their privies from relitigating issues that were or *could have been raised* in that action.") (quoting *Allen*, 449 U.S. at 94). While Mr. Simon indeed attempted to litigate the claim in the United States District Court for the District of Massachusetts in 2018, it was dismissed without prejudice. *See Simon*, 2018 WL 6045254, at \*2. The court found that Mr. Simon had failed to exhaust his administrative remedies under the common law doctrine of administrative exhaustion. *Id.* Accordingly, Mr. Simon was instructed to "address the reason for the termination of his compensation payments with the DOJ before seeking a judicial remedy." *Id.* The First Circuit upheld this dismissal "primarily based on improper venue." *Simon*, 2019 WL 6124881, at \*1. Neither outcome—dismissal for failure to exhaust or for improper venue—would be a judgment on the merits.

In the alternative, Defendants assert that venue is improper here. Under Section 1391(b), a civil action may generally be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). This provision governs Mr. Simon's claim under the APA. Title VII has its own venue provision which provides four alternatives for where an action can be brought:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). When an objection to venue has been raised, the plaintiff has the burden of establishing that the action was instituted in the proper forum. *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

Defendants argue that because Mr. Simon does not reside in Washington, D.C. and "none of the events giving rise to his claims occurred here," he has not established that venue is proper under Section 1391(b).[2] Mot. to Dismiss at 9. Defendants do not, however, dispute Mr. Simon's assertion that all named Defendants reside in the District of Columbia. *See* Compl. at 2 (Mr. Simon names DOJ, FPI, and two employees of FPI as parties in the action and provides a Washington, D.C. address for each). Even if Mr. Simon were incorrect about the residence of FPI and the individual defendants, he has also sued the Department of Justice. Under 28 U.S.C. § 1391(e), a civil action "in which a defendant is . . . an agency of the United States" may be brought "in any judicial district in which . . . a defendant in the action resides." 28 U.S.C. § 1391(e). Accordingly, because Mr. Simon brings this action against a federal agency located in Washington, D.C., venue is proper under § 1391(b).

As for Title VII, Defendants have advanced no argument explaining why venue is improper under Title VII's venue provision, they have simply quoted the statute and asserted that venue is not proper. While it is the plaintiff's burden to establish that venue is proper, "the defendant must present facts that will defeat the plaintiff's assertion of venue" in order to win dismissal on that basis. *Crowley v. Napolitano*, 925 F. Supp. 2d 89, 91 (D.D.C. 2013) (quoting *Khalil v. L-3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009)). Defendants provide only a conclusory assertion and a citation to 42 U.S.C. § 2000e-5(f)(3). Mot. Dismiss at 9 n.1. While Mr. Simon's complaint does not articulate the basis for venue he has given a

---

[2] Defendants' reliance on Massachusetts case law is misplaced and their argument does not account for the fact that the Department of Justice is a defendant properly sued here. *See* Mot. to Dismiss at 9. Indeed, Defendants appear to have recycled language from a motion against Mr. Simon filed in the United States District Court for the District of Massachusetts in 2018. *See* Motion to Dismiss, *Simon v. U.S. Dep't of Justice*, No. 18-cv-11431 at 6 (D. Mass. Oct. 2, 2018), ECF No. 7.

Washington, D.C. address for each defendant, and it stands to reason that the termination of his benefits may have occurred in the district or that relevant records may be maintained here. Without any contrary facts from Defendants, the Court will not assume venue is improper based on a bare conclusory statement, especially given that it seems plausible that venue is proper. Because they fail to identify any proper basis for dismissal of Mr. Simon's claims regarding the termination of his benefits, Defendants' Motion to Dismiss is denied with regard to those claims.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Disqualification (ECF No. 7), Motion for Default Judgment (ECF No. 2), and Motion for Judgment on the Pleadings (ECF No. 6) are all **DENIED.** Plaintiff's Motion to Negotiate Settlement Upon Default (ECF No. 5), is **DENIED AS MOOT.** Defendants' Motion to Dismiss (ECF No. 3) Mr. Simon's complaint is **GRANTED IN PART AND DENIED IN PART.**

An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  August 7, 2020                                             RUDOLPH CONTRERAS
                                                                              United States District Judge