UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CHARLES SIMON, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-0580 (RC) |
| | : | | |
| v. | : | Re Document No.: | 14, 16, 19 |
| | : | | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING DEFENDANTS' MOTION TO DISMISS;
DENYING AS MOOT PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT;
DENYING AS MOOT PLAINTIFF'S MOTION TO EXPEDITE

**I.  INTRODUCTION**

*Pro se* Plaintiff Charles Simon has filed a complaint against the United States Department of Justice ("DOJ"), Federal Prison Industries, Inc. ("FPI"), Steve Schwalb, in his official capacity as Chief Operating Officer of FPI, and T. Speights, Coordinator of FPI (collectively "Defendants").  Plaintiff initially challenged the amount of a monthly compensation award he received in 1994 pursuant to the Inmate Accident Compensation Act ("IACA"), 28 C.F.R. § 301, for a back injury he sustained while incarcerated, as well as the termination of said award in 2018.  The claim relating to the calculation of his compensatory award has since been dismissed by this Court, leaving only the claim challenging the termination of his benefits, which this Court has construed as being brought under Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*.  Defendants have moved to dismiss the remaining claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), asserting that Congress has provided

an exclusive statutory remedy for the alleged injury, and that Plaintiff has failed to exhaust his administrative remedies. The Court grants the motion based on Plaintiff's failure to exhaust.

## II. FACTUAL BACKGROUND

The Court presumes familiarity with its prior opinion, *Simon v. U.S. Dep't of Just.*, No. 20-cv-580, 2020 WL 4569425 (D.D.C. Aug. 7, 2020). Briefly, Plaintiff Charles Simon suffered a back injury in 1987 while incarcerated in a federal facility. *Id.* at *1; Compl. ¶ 8, ECF No. 1. He began receiving compensation for this injury in 1994 under the IACA in the amount of $73.57 per month, a payment that would adjust in line with increases in the federal minimum wage. *Simon*, 2020 WL 4569425 at *1.

In June 2018, Plaintiff's benefits were suspended pursuant to 28 C.F.R. § 301.315(b), due to his failure to provide the required statement of earnings. Compl. ¶¶ 1–7; *see also* 28 C.F.R. § 301.315(b) ("Each monthly compensation recipient shall be required to provide a statement of earnings on an annual basis, or as otherwise requested. Failure to provide this statement shall result in the suspension or denial of all Inmate Accident Compensation benefits until such time as satisfactory evidence of continued eligibility is provided."). Plaintiff does not contend that he has since provided the necessary statements of earnings, and has filed this action challenging the calculation of his benefits and alleging wrongful termination of his benefits in violation of his due process rights and Title VII. *See* Compl. ¶ 1.

## III. PROCEDURAL HISTORY

Plaintiff filed a Motion for Default Judgment on May 7, 2020, ECF No. 2, a Motion for Judgment on the Pleadings on May 28, 2020, ECF No. 6, and a Motion to Disqualify on June 9, 2020, ECF No. 7. All three motions were denied. *See Simon*, 2020 WL 4569425, at *2–3.

Defendants filed their first Motion to Dismiss on May 14, 2020, arguing that Plaintiff's claims challenging the calculation of his benefits and the termination of his benefits were barred by *res judicata* and, in the alternative, that venue is improper. *See* Defs.' First Mot. to Dismiss at 1, ECF No. 3. The motion to dismiss was granted with regard to Plaintiff's claim challenging his award calculation, but Plaintiff's challenge of his benefit termination survived. *See Simon*, 2020 WL 4569425, at *4.

Defendants have now filed a Motion to Dismiss, positing that the Court lacks subject matter jurisdiction over the claim pursuant to Federal Rule of Civil Procedure 12(b)(1) due to IACA being the exclusive remedy for federal prisoners injured during prison employment. *See* Defs.' Motion to Dismiss ("Defs.' Mot.") at 1, ECF No. 14. Defendants also assert that the Court lacks jurisdiction because Plaintiff has failed to exhaust his administrative remedies. *Id.* Additionally, Plaintiff has filed a Motion for Declaratory Judgment, ECF No. 16, and a Motion to Expedite, ECF No. 19. Because the Court grants Defendants' motion to dismiss, these motions are both denied as moot.

## IV.  LEGAL STANDARDS

### A.  Legal Standard for Motions to Dismiss Under Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, courts must dismiss any claim over which they lack subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006). If exhaustion of administrative remedies is required by statute, "[f]ailure to exhaust . . . is a jurisdictional defect, requiring dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Doak v. Johnson*, 19 F. Supp. 3d 259, 268 (D.D.C. 2014) (citing *Ellison v. Napolitano,* 901 F. Supp. 2d 118, 124 (D.D.C. 2012)); *see also Pappas v. District of Columbia*, No. 19-cv-2800, 2021 WL 106468, at *8 (D.D.C. 2021). A

3

court also lacks subject matter jurisdiction and must dismiss a case when a statute provides the exclusive remedy for a certain type of claim. *See Lindsay v. George Washington Univ.*, 279 F.2d 819, 820–21 (D.C. Cir. 1960).

In evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited (as is typical) to the allegations contained in the complaint. *See Wilderness Soc'y v. Griles*, 824 F.2d 4, 16 n. 10 (D.C. Cir. 1987). This is because the motion focuses on the Court's very power to hear a claim. *Id.* Instead, "where necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### B.  Legal Standard for Motions to Dismiss Under Rule 12(b)(6)

A complaint survives a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When considering a Rule 12(b)(6) motion, a court presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). But, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must a court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation

omitted).  Even though the Court holds a *pro se* complaint to a "less stringent standard[ ]" than would be applied to a complaint drafted by a lawyer, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), the complaint "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct'" by defendants, *Atherton v. Dist. of Columbia Off. of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal* 556 U.S. at 678–79).  "In determining whether a complaint fails to state a claim, [the Court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Schl.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

## V.  ANALYSIS

### A.  Exhaustion of Administrative Remedies

#### 1.  Legal Standard

Exhaustion of administrative remedies is a common-law doctrine providing "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. U.S.*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938)).  The term "exhaustion" describes two distinct concepts.  *Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004).  One type is "jurisdictional exhaustion," in which exhaustion is explicitly required and may never be excused by a court.  *Id.*; *see also Munsell v. Dep't of Agric.*, 509 F.3d 572, 579 (D.C. Cir. 2007).  In order to find that an exhaustion requirement is jurisdictional, "a statute must contain 'sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion, or the exhaustion requirement is treated as an element of the underlying claim.'" *Pappas*, 2021 WL 106468, at *8 (quoting *Veneman,* 370 F.3d at 1248).

Non-jurisdictional exhaustion, by contrast, allows the court the discretion to "excuse exhaustion if 'the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further.'" *Veneman*, 370 F.3d at 1247 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)); *see also Vermont Dep't of Pub. Serv. v. U.S.*, 684 F.3d 149, 156 (D.C. Cir. 2012). Non-jurisdictional exhaustion serves several purposes, including preserving "the autonomy of the administrative agency by allowing the agency to apply its expertise and exercise its discretion." *Gaines v. U.S.*, 424 F. Supp. 2d 219, 223 (D.D.C. 2006) (citing *Athlone Indus., Inc. v. Consumer Prod. Safety Comm'n*, 707 F. 2d 1485, 1488 (D.C. Cir. 1983)). This Court has held that non-jurisdictional exhaustion may be excused when "(1) the issue raised is entirely collateral to a claim for payment;[1] (2) plaintiffs show they would be irreparably injured were the exhaustion requirement enforced against them; [or] (3) exhaustion would be futile." *Am. Hosp. Ass'n v. Azar*, 385 F. Supp. 3d 1, 7–8 (D.D.C. 2019) (alteration in original) (quoting *Am. Hosp. Ass'n v. Azar*, 348 F. Supp. 3d 62, 75 (D.D.C. 2018)).

2. Plaintiff has Failed to Exhaust Administrative Remedies and has Not Shown Futility, Inadequacy, or Irreparable Injury

Defendants argue that, because Plaintiff has not submitted the documentation of his annual income reports required to reinstate his benefits, he has failed to exhaust the relevant administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, and, until he has done so, faces a jurisdictional bar on bringing his claims to this Court. Defs.' Mot. at 6. They contend that PLRA's exhaustion requirement "applies to all suits regarding

---

[1] Plaintiff's claim is, itself, a claim to payment, so this is unavailable. *See Ware El v. Soc. Sec. Admin.*, No. 19-cv-01684, 2020 WL 1853746, at *4 (D.D.C. 2020).

6

prison life," and accordingly encompasses the instant action, despite his suit being brought under the IACA statutory scheme. *Id.* (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  The Court is unconvinced.  The PLRA's exhaustion requirement applies to "a prisoner confined in any jail, prison, or other correctional facility[.]" 42 U.S.C. § 1997e(a).  Plaintiff in this case is not a prisoner, and Defendants provide no authority (and the Court could not locate any) that has applied the PLRA's exhaustion requirements to an action under the IACA brought by a plaintiff who is no longer incarcerated.  Indeed, a plain reading of the requirement indicates that it is inapplicable—that because Plaintiff in this case is *not* a prisoner litigating some aspect of prison life, the PLRA's exhaustion requirement does not apply.  *See Lesesne v. Doe*, 712 F.3d 584, 589 (D.C. Cir. 2013) ("the PLRA exhaustion requirement does not apply because [plaintiff] was not a 'prisoner' at the time he filed his complaint.").

Accordingly, the Court will analyze Plaintiff's exhaustion obligations under the IACA. The IACA's exhaustion requirement is not jurisdictional, as IACA's statutory language lacks any "sweeping and direct" language mandating exhaustion of claims challenging the suspension of benefits.  *See Veneman,* 370 F.3d at 1248.  The IACA does not mention exhaustion nor any jurisdictional limit on the federal courts at all save for a bar on FTCA claims.  *See* 28 U.S.C. § 301.319 ("Inmates who are subject to the provisions of [the IACA] are barred from recovery under the Federal Tort Claims Act (28 U.S.C. § 2671 *et seq*.).").  To this point, in a prior action filed by Plaintiff, the Massachusetts District Court found that "[n]either the IACA nor its implementing regulations specifically require the administrative exhaustion of a claim that IACA compensatory payments were wrongfully terminated." *Simon v. U.S. Dep't of Just.*, No. 18-cv-11431, 2018 WL 6045254, at *2 (D. Mass. 2018).  Nonetheless, the court went on to dismiss the claim without prejudice, reasoning that "a court can require a litigant to exhaust administrative

remedies in appropriate circumstances," and that requiring exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." *Id.* (citing *McCarthy*, 503 U.S. at 145–46).[2]

The Court finds that similar motivations urge for the application of administrative exhaustion here. As the D.C. Circuit has explained, "[n]on-jurisdictional exhaustion serves three functions: 'giving agencies the opportunity to correct their own errors, affording parties and courts the benefits of agencies' expertise, [and] compiling a record adequate for judicial review[.]'" *Veneman*, 370 F.3d at 1247 (alterations in original) (quoting *Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409, 414 (D.C. Cir. 1998)); *see also Nat'l Treasury Emps. Union v. King*, 961 F.2d 240, 243 (D.C. Cir. 1992) ("The principle of exhaustion rests on the dual purposes of protecting administrative agency authority and promoting the economy of judicial resources.").

Accordingly, non-jurisdictional exhaustion may be waived only in the most exceptional circumstances. *See Cost v. Soc. Sec. Admin.*, 770 F. Supp. 2d 45, 50 (D.D.C. 2011) (quoting *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd of Trs. Of the Univ. of D.C.*, 56 F.3d

---

[2] Defendants move to dismiss Plaintiff's complaint under Rule 12(b)(1) for a failure to exhaust, which is appropriate when the exhaustion requirement is jurisdictional. However, as detailed, the exhaustion requirement at issue here is non-jurisdictional. Accordingly, the correct vehicle for dismissal for non-jurisdictional exhaustion is Rule 12(b)(6). *See Ly v. U.S. Postal Serv.*, 775 F. Supp. 2d 9, 11 (D.D.C. 2011) ("Although 'there is some uncertainty as to whether a failure to exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion . . . or in a Rule 12(b)(6) motion . . . courts in this circuit tend to treat failure to exhaust as a failure to state a claim.") (citing *Hall v. Sebelius*, 689 F. Supp. 2d 10, 21 (D.D.C. 2009)). In situations such as these where a defendant has incorrectly brought a Rule 12(b)(1) motion on non-jurisdictional exhaustion grounds, courts in this circuit have typically construed the motion as a Rule 12(b)(6) motion instead. *See, e.g., Baker-Notter v. Freedom Forum Inc.*, No. 18-cv-2499, 2019 WL 4601726, at *4 (D.D.C. 2019); *Ware El*, 2019 WL 5811299, at *3; *Belmonte v. Colvin*, No. 16-cv-1077, 2016 WL 6584476, at *1–2 (D.D.C. 2016); *Beattie v. Astrue*, 845 F. Supp. 2d 184, 191 (D.D.C. 2012); *Deryan v. U.S.*, No. 06-cv-1339, 2007 WL 809688, at *2 n.2 (D.D.C. 2007); *Sanders v. U.S.*, No. 06-cv-354, 2006 WL 2735248, at *3 (D.D.C. 2006).

1469, 1475 (D.C. Cir. 1995); *see also Hall v. Sebelius*, 689 F. Supp. 2d 10, 23 (D.D.C. 2009). Such a decision must balance "the interests of the plaintiff in immediate judicial relief against the interests that exhaustion requirements promote generally, including agency autonomy and judicial efficiency." *Johnson v. District of Columbia*, 368 F. Supp. 2d 30, 42 (D.D.C. 2005); *see also Veneman*, 370 F.2d at 1247. In considering the balance of interests, courts have excused exhaustion when the party seeking relief would suffer irreparable injury if required to exhaust administrative remedies, if administrative remedies would be inadequate, if they would cause undue delay that would prejudice the party seeking relief, or if there are indications that administrative remedies would be futile. *See Cost*, 770 F. Supp. 2d at 50 (explaining that futility requires a "'certainty of adverse decision' or indications that pursuit of administrative remedies would be 'clearly useless'") (quoting *UDC Chairs*, 56 F.3d at 1475); *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 107 (D.C. Cir. 1986); *see also Triad at Jeffersonville I, L.L.C. v. Leavitt*, 563 F. Supp. 2d 1, 17 (D.D.C. 2008).

In this case, the balance of interests weighs heavily against excusing exhaustion, as this would hinder agency autonomy and judicial efficiency. Plaintiff's benefits were suspended because he failed to provide the statutorily required documentation necessary for periodic review. *See Simon*, 2018 WL 6045254, at *3 n.8; *see also* 28 C.F.R. § 301.315(b). This issue is a matter of bookkeeping that falls squarely into the autonomy, expertise, and discretion of the IACA program. There is nothing to suggest that the submission of annual income statements for IACA benefits is anything more than administrative recordkeeping, and to allow this matter to be litigated would frustrate the institutional interest of judicial and administrative efficiency. *See Freedom Watch, Inc. v. Fed. Bureau of Investigation*, No. 18-cv-1912, 2019 WL 108879, at *3 (D.D.C. 2019) (dismissing Plaintiff's claim following Plaintiff's failure to respond to agency

request for resubmission); *Vest v. Dep't of Air Force*, 793 F. Supp. 2d 103, 117 (D.D.C. 2011) (finding that a plaintiff who failed to provide additional requested documents to an agency before bringing suit did not exhaust administrative remedies); *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102–03 (D.D.C. 2009) ("[Plaintiff] failed to send the requested information . . . [a]ccordingly, the court concludes that the plaintiff has failed to exhaust his administrative remedies"). Because Plaintiff has given no reason why he has been unable or unwilling to comply with the requirements set forth in § 301.315(b), requirements that were communicated to him by mail, *Simon*, 2018 WL 6045254 at *3 n.8, he has not met the high standard required to waive the requirement of exhaustion.

Furthermore, none of the justifications for waiving non-jurisdictional exhaustion are present here. Non-jurisdictional exhaustion can be waived when exhaustion would be futile, if plaintiff would suffer irreparable injuries, or if the administrative remedies available are inadequate. *See Randolph-Sheppard Vendors*, 795 F.2d at 107; *Cost*, 770 F. Supp. 2d at 50. First, "[f]or exhaustion to be futile, there must be a 'certainty of an adverse decision' or indications that pursuit of administrative remedies would be 'clearly useless.'" *Cost*, 770 F. Supp. 2d at 50 (quoting *UDC Chairs Chapter*, 56 F.3d at 1475). Exhaustion would be clearly useless when there would be an undue delay in the administrative proceedings, typically three or more years in this Circuit. *See Hall*, 689 F. Supp. 2d at 23 n.7; *Mobile Exploration & Producing U.S., Inc. v. Babbitt*, 913 F. Supp. 5, 14 (D.D.C. 1981). Exhaustion has also been found to be futile when "the agency will almost certainly deny any relief either because it has a preconceived position on, or lacks jurisdiction over, the matter. The administrative process is inadequate where the agency has expressed a willingness to act, but the relief it will provide through its action will not be sufficient to right the wrong." *Randolph-Sheppard Vendors*, 795 F.2d at 107.

Here, there is no evidence showing that Plaintiff, had he followed the administrative procedure and submitted his annual income statements, would not have had his issue resolved promptly. Plaintiff has offered no evidence to show that he has even attempted, much less exhausted, his administrative remedies since the termination of benefits in 2018. *See also Simon*, 2018 WL 6045254 at *3 ("Simon does not allege that . . . he attempted to resolve the matter with DOJ.") Plaintiff has also offered no evidence, and the court can find none, that he would suffer irreparable injuries if required to comply with the simple administrative requirement of submitting his annual income statement.[3] There is also no evidence that Plaintiff's resultant administrative remedies, the reinstatement of his benefits, would be inadequate, or that the IAC program would continue the suspension of his benefits after he submits the required documentation, or any other "certainty of an adverse decision." *Cost*, 770 F. Supp. 2d at 50; *see also Randolph-Sheppard Vendors*, 795 F.2d at 105 ("An adverse decision can also be certain if an agency has articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider."). There is no evidence to suggest that the IAC Program would be unwilling to reinstate Plaintiff's benefits upon receiving the documentation requested. In short, Plaintiff has asserted no reasons he is unable to "attempt to address the reason for the termination of his compensation payments" as he was similarly instructed by the Massachusetts District Court. *Simon*, 2018 WL 6045254, at *3.

Plaintiff appears to make two counterarguments opposing the enforcement of an exhaustion requirement here. First, from what the Court can discern, Plaintiff argues that

---

[3] Notably, public court records indicate that over a year had passed after the first letter was sent (March 2017), *Simon*, 2018 WL 6045254, at *3 n.8, before Plaintiff's benefits were terminated (June 2018), *id.*, during which he took no action to resolve the issue. This delay cuts against any sense of urgency or irreparable injury.

exhaustion should be excused because the procedures required are so vague as to be void. *See* Plaintiff's Reply ("Pl.'s Reply") at 3, ECF No. 16. This argument is without merit. The documentation required is articulated in IACA itself. 28 U.S.C. § 301.315(b). Recipients of IACA benefits must "provide a statement of earnings on an annual basis, or as otherwise requested" or face suspension of their benefits. *Id.* Plaintiff was informed of this requirement in the spring of 2017. *Simon*, 2018 WL 6045254, at *3 n.8. In light of these facts, the Court cannot conclude that Plaintiff's administrative remedies are too vague or beyond his ability to fulfill.

Second, Plaintiff appears to assert that exhaustion should be excused because the suspension of his benefits was in violation of his due process rights. Pl.'s Reply at 3–5. However, this does not excuse exhaustion requirements. "Couching a claim in constitutional terms will not immunize it from dismissal pursuant to the exhaustion requirement." *Washington v. Dist. of Columbia*, 538 F. Supp. 2d 269, 278 (D.D.C. 2008). Although Plaintiff puts forward a constitutional claim, "when an alleged constitutional violation 'is intertwined with a statutory one, and [the legislature] has provided the machinery for the resolution of the latter,' the plaintiff must exhaust [her] administrative remedies before a district court may hear [her] case." *Id.* (alterations in original) (citing *King*, 961 F.2d at 243). Accordingly, Plaintiff's claim, even if grounded in his due process rights, is still subject to administrative exhaustion. Indeed, the District of Massachusetts dismissed this same due process claim because Plaintiff "failed to exhaust his administrative remedies." *Simon*, 2018 WL 6045254, at *2.

In short, this case cannot proceed because Plaintiff has failed to fulfill his exhaustion requirements under the IACA.[4] Because there is no evidence that exhaustion of administrative

---

[4] Defendants also argue that because the IACA provides the exclusive remedy for Plaintiff's claim, the Court lacks subject matter jurisdiction. Defs.' Mot. at 3. The Supreme Court has established that IACA precludes recovery under the Federal Tort Claims Act, 28

remedies would be futile, cause irreparable injury, or that the administrative remedies would be inadequate, waiving these requirements would be inappropriate. Therefore, Defendants' motion to dismiss must be granted for failure to exhaust.

## VI.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED**. Plaintiff's Motion for Declaratory Judgment (ECF No. 16) is **DENIED AS MOOT**. Plaintiff's Motion to Expedite (ECF No. 19) is **DENIED AS MOOT**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 22, 2021                                                                                   RUDOLPH CONTRERAS
                                                                                                                          United States District Judge

---

U.S.C. §§ 2671–80. *See U.S. v. Demko*, 385 U.S. 149, 152–54 (1966); *see also* 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act (28 U.S.C. § 2671 *et seq.*)"). However, this Court has previously construed Plaintiff's claim to be brought under Title VII and the APA, *Simon*, 2020 WL 4569425, at *1, and thus it is unclear whether Plaintiff would be similarly precluded from bringing such a claim pursuant to the IACA challenging the suspension or termination of benefits, as it appears no court has reached this issue. *See Simon v. U.S. Dep't of Just.*, 2018 WL 6045254, at *2 n.7 ("[T]he court assumes, without deciding, that the DOJ's suspension or terminations of monthly compensatory benefits is subject to judicial review."). But the Court need not reach this question today given Plaintiff's failure to exhaust the administrative remedies available to him.